UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>WYATT TONE and JILL TONE,<br>husband and wife, and the<br>marital community comprised<br>thereof,<br><br>                Defendants. | No. CV-08-5034-FVS<br><br>JUDGMENT UPON ORDER OF DEFAULT |

**THIS MATTER** came before the Court on Plaintiff's August 28, 2008, application for judgment upon order of default. (Ct. Rec. 10). Assistant United States Attorney Pamela J. DeRusha, represents the United States; Defendants have not made an appearance in this action. The matter was noted for hearing, without oral argument, on September 2, 2008.

**BACKGROUND**

In August 1974, the United States, acting by and through the Bonneville Power Administration ("BPA"), acquired by deed from

JUDGMENT UPON ORDER OF DEFAULT - 1

Burlington Northern, Inc., Defendants' predecessors-in-interest, an easement 50 feet wide, a portion of which lies across Defendants' land. Compl. ¶ 5. Defendants purchased property subject to the transmission line easement and right-of-way in early 2004. Compl. ¶ 9. BPA has subsequently agreed to sell the Taylor Flats 115kV transmission line and underlying easement to Franklin Public Utility District, conditioned on the easement land being free of structures within 15 feet from the center line of the easement. Compl. ¶ 5. As a result of this agreement, letters have been sent to property owners informing of their need to remove any encroachments from the right-of-way and offering to assist in the removal. (Ct. Rec. 11 at 4).

On or about April 20, 2007, a letter was sent to Defendants asking them to remove their encroaching fence by June 22, 2007. Compl. ¶ 11. Defendants were offered reimbursement for the costs associated with the removal of the fence. Compl. ¶ 11. Despite multiple follow up letters, Defendants did not respond and have failed to remove their encroachment. Compl. ¶ 16. Defendants are the only property owner within the subdivision to not remove their encroachment. *Id*. Plaintiff accordingly filed an action on June 10, 2008, seeking injunctive relief ordering Defendants to remove their fence and requesting reimbursement of the government's costs and attorney fees.

A summons was served on Defendants in mid-June 2006. (Ct. Rec. 5, 6). On July 25, 2008, Plaintiff moved for the entry of default (Ct. Rec. 4), and the Office of the District Court Executive entered default on August 18, 2008 (Ct. Rec. 9). Plaintiff's August 28, 2008

JUDGMENT UPON ORDER OF DEFAULT - 2

motion for the entry of default judgment (Ct. Rec. 10) is now before the Court.[1]

**DISCUSSION**

I.   **Injunctive Relief**

Plaintiff requests an order requiring Defendants to promptly remove completely from Plaintiff's easement the fence located on Plaintiff's easement or, in default of such removal, for authority for Plaintiff to remove the fence and all parts thereof from Plaintiff's easement and to do to any portion of the fence such damage as occurs incidental to the removal of the fence completely from the easement. Compl. at 5.

Plaintiff argues that injunctive relief is appropriate in this case because the easement grant is clear and specific that Plaintiff acquired the right to remove structures from its easement, and Defendants' fence is a structure encroaching on Plaintiff's easement. Moreover, Defendants' structure on its easement interferes with BPA's ability to efficiently and safely repair and maintain its power lines. Removing such structures enables Plaintiff to protect homeowners from potentially hazardous situations that may arise.  There were a number

///

---

[1] Defendants contacted Plaintiff's counsel by telephone on or about August 13, 2008, indicating a desire to discuss the matter. (Ct. Rec. 11-2 ¶ 7).  BPA thereafter met with Defendants but were unable to resolve the issue.  (Ct. Rec. 11-2 ¶¶ 8-9).  On August 18, 2008, Defendants sent a letter to counsel for Plaintiff arguing they had previously received permission to build the fence at issue.  However, Defendants did not indicate an intention to appear in this case (Ct. Rec. 11-2 ¶ 10) and have since failed to do so.

JUDGMENT UPON ORDER OF DEFAULT - 3

of fences within this subdivision of property owners and all but one, Defendants' fence, have been removed.

The entry of injunctive relief is appropriate for the reasons cited by the Plaintiff. Defendants are ordered to forthwith completely remove the fence located on Plaintiff's easement. If they fail to do so by **no later than October 1, 2008**, Plaintiff may remove the fence and all parts thereof from Plaintiff's easement at Defendants' expense.

**II. Costs**

This Court's Local Rule 54.1 provides that a party entitled to recover costs must file a bill of costs within 10 days of the entry of judgment. Plaintiff is directed to follow this district's customary procedures in requesting costs; however, Plaintiff must first establish a right to this recovery. Although Plaintiff's complaint seeks reimbursement for costs and attorney fees, Plaintiff has yet to cite authority entitling it to recover its fees and costs. In fact, Plaintiff's motion for default judgment fails to mention the request for fees and costs as asserted in the complaint. Should Plaintiff continue to seek reimbursement for costs and attorney fees, as alleged in the complaint, Plaintiff must first demonstrate it is so entitled by law.

Having complied with the requirements of Fed. R. Civ. P. 55 and LR 55.1, Local Rules for the Eastern District of Washington, Plaintiff's motion for default judgment as to Defendants Wyatt Tone and Jill Tone, husband and wife, and the marital community comprised

///

JUDGMENT UPON ORDER OF DEFAULT - 4

thereof, (**Ct. Rec. 10**) is **GRANTED. JUDGMENT IS RENDERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS** as described above. Defendants shall remove the fence located on Plaintiff's easement by **no later than October 1, 2008.** If they fail to do so, Plaintiff may remove the fence at Defendants' expense.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to counsel for Plaintiff and to Defendants. Judgment shall be entered as described above and the file shall be **CLOSED.**

    DATED this ___16th___ day of September, 2006.

                                   S/Fred Van Sickle
                                   Fred Van Sickle
                      Senior United States District Judge

JUDGMENT UPON ORDER OF DEFAULT - 5